```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *   )
UNITED STATES OF AMERICA,        )    Criminal Action
                                 )       No. 24-00316
            Plaintiff,           )
                                 )
  vs.                            )
                                 )
SHANNON BITZER,                  )    Washington, D.C.
                                 )    August 7, 2024
            Defendant.           )    10:11 a.m.
                                 )
 * * * * * * * * * * * * * * *   )


                    TRANSCRIPT OF ARRAIGNMENT
         CONDUCTED VIA HYBRID MEANS (IN PERSON/ZOOM)
              BEFORE THE HONORABLE ANA C. REYES
                 UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

FOR THE GOVERNMENT:     JOHN D. OXENREITER, JR., ESQ.
                        UNITED STATES ATTORNEY'S OFFICE
                          FOR THE DISTRICT OF COLUMBIA
                        601 D Street, Northwest
                        Washington, D.C. 20530

FOR THE DEFENDANT:      NAKEISHA C. JACKSON, ESQ.
                        FEDERAL DEFENDER SERVICES OF
                          EASTERN TENNESSEE
                        800 South Gay Street
                        Suite 2400
                        Knoxville, Tennessee 37929

REPORTED BY:            LISA EDWARDS, RDR, CRR
                        Official Court Reporter
                        United States District Court for the
                          District of Columbia
                        333 Constitution Avenue, Northwest
                        Room 6706
                        Washington, D.C. 20001
                        (202) 354-3269

```
 1                THE COURTROOM DEPUTY:  Good morning, your Honor.
 2   We're on the record in Criminal Case 24-316, the United
 3   States of America versus Shannon Bitzer.
 4                Starting with Government counsel, please state
 5   your appearance for the record.
 6                MR. OXENREITER:  Good morning, your Honor.
 7                Good morning, everyone.  John Oxenreiter,
 8   O-X-E-N-R-E-I-T-E-R, for the United States.
 9                THE COURT:  Hello.
10                MS. JACKSON:  Good morning, your Honor.  Nakeisha
11   Jackson on behalf of Mr. Shannon Bitzer.
12                THE COURT:  Ms. Jackson, good morning.
13                Good morning, sir.
14                I'm not quite sure why we're doing this by video.
15   I'm confident I agreed to it.  But this is a felony case; so
16   next -- going forward, we're all going to be in person.
17   Okay?
18                We need an arraignment today.  Do I understand
19   that correctly?
20                MS. JACKSON:  That's correct, your Honor.
21                THE COURT:  Ma'am, could you please arraign the
22   Defendant.
23                THE COURTROOM DEPUTY:  Sure.
24                Your Honor, may the record reflect that the
25   Defendant and his counsel have received a copy of the
```

1   indictment, which has been filed in this case.
2           Mr. Shannon Bitzer, you are charged in Criminal
3   Case 24-316 in a ten-count indictment with the following
4   charges:
5           Count 1:  civil disorder.
6           Count 2:  assaulting, resisting or impeding
7   certain officers.
8           Counts 3 and 4:  assaulting, resisting or impeding
9   certain officers using a dangerous weapon.
10          Count 5:  entering and remaining in a restricted
11  building or grounds with a deadly or dangerous weapon.
12          Count 6:  disorderly or disruptive conduct in a
13  restricted building or grounds.
14          Count 7:  engaging in physical violence in a
15  restricted building or grounds.
16          Count 8:  disorderly conduct in a Capitol
17  building.
18          Count 9:  act of physical violence in the Capitol
19  grounds or buildings.
20          And Count 10:  parading, demonstrating or
21  picketing in a Capitol building.
22          Do you waive the formal reading of this
23  indictment?  And, if so, for purposes of this arraignment,
24  how do you wish to plead?
25          MS. JACKSON:  He would waive formal reading -- he

1    will waive the formal reading today and would plead not
2    guilty to all ten counts.
3            THE COURT:  Thank you, counsel.
4            So now we turn to the status portion of the
5    hearing.
6            Where are we on the case and discovery?
7            MR. OXENREITER:  Yes, your Honor.
8            Discovery is substantially complete in this case,
9    with one exception that I'd like to highlight for the Court.
10   The Defendant's cell phone was recently extracted by the
11   FBI.  It is being scoped.  Scoping has not been completed.
12           With that having been said, the extraction -- the
13   full extraction has been made available to defense.  Both
14   parties and the FBI are right now actively working out the
15   details of getting that full extraction from the FBI to the
16   defense.
17           THE COURT:  All right.
18           MR. OXENREITER:  And as additional materials
19   become available, obviously, I'll continue to disclose them
20   to the defense.
21           THE COURT:  This is the first time you guys are in
22   front of me on this case.  Right?
23           MR. OXENREITER:  Yes, your Honor.
24           MS. JACKSON:  Yes, your Honor.
25           THE COURT:  So I'll give you the speech I give

1     everyone the first time they're in front of me in a case.
2             However seriously, Government counsel, you have
3     taken *Brady*, however seriously the person who has taken
4     *Brady* the most seriously that you've ever known, I take it
5     about 100 times more seriously than that.  If there is a
6     hint of a *Brady* violation, there will be dire consequences.
7             I'm not joking on that.  I will have no hesitancy
8     to throw out a case if there is a *Brady* violation.  I don't
9     care if it's, you know, vanilla wafer thin.  If there's a
10    *Brady* violation, there will be a lot of problems.
11            So I suggest you make my life easier and for sure
12    make your life easier.  Turn everything over.  If there's
13    any question in your mind as to whether it should be turned
14    over, turn it over.  On?
15            MR. OXENREITER:  Yes, your Honor.
16            THE COURT:  Where are you guys on a potential plea
17    offer and/or wanting to set a trial date?
18            MR. OXENREITER:  Your Honor, a plea offer was
19    conveyed, I believe, in April.  That offer has expired.
20            I would ask for a trial date at this point.
21            THE COURT:  Anything on your end, ma'am?
22            MS. JACKSON:  Yes, your Honor.  Mr. Oxenreiter is
23    correct in that a previous plea offer was extended.
24            I am hopeful that we can reach some sort of a
25    resolution in this case.  I don't oppose setting a trial

1  date, but I am hopeful that we would be able to reach some
2  sort of resolution.
3              THE COURT:  Well, why don't you guys get together
4  after this scoping has been done and see about -- just have
5  plea negotiations, please.  And I would get that done sooner
6  rather than later.
7              How long do you think the scoping issue is going
8  to last?
9              MR. OXENREITER:  I don't have a timeline, your
10 Honor.  Hopefully, within the next month.
11             THE COURT:  Well, I'm going to order it be done
12 within the next month.  So you can tell your people that
13 they have a month to do it.
14             What dates are you all looking -- what month are
15 you all looking for a trial?
16             MR. OXENREITER:  Your Honor, I could do an October
17 date, if that would work for Ms. Jackson.
18             THE COURT:  Ms. Jackson?
19             MS. JACKSON:  Your Honor, I'm pulling up my
20 calendar as we speak.
21             An October date would be potentially doable, but a
22 November date would be more preferable, if possible.
23             MR. OXENREITER:  That's fine with me.
24             THE COURT:  Hold on.
25             How long do we think we're going to need for

```
 1    trial?
 2              MR. OXENREITER:  I would expect this to be between
 3    three to four days for the Government's case, your Honor.
 4              THE COURT:  Why don't we -- can everyone do
 5    November 18th, that week?
 6              MS. JACKSON:  Yes.
 7              MR. OXENREITER:  Is that near Thanksgiving, your
 8    Honor?
 9              THE COURT:  Is Thanksgiving the third or last
10    weekend in November?  It's the week before Thanksgiving
11    week.
12              MR. OXENREITER:  Then that's fine for me, your
13    Honor.
14              MS. JACKSON:  That's fine.
15              THE COURT:  Why don't we set a trial date for
16    October -- for November 18th.  Let's set it for seven days.
17              Ms. Jackson, if the Defendant decides to go to
18    trial, obviously, he has an absolute right to a trial by
19    jury.  Some January 6th defendants, you may have heard, have
20    opted for bench trials.  It's absolutely your client's
21    decision.  I'm fine with it either way.  I don't care.
22              But if you are going to elect for a bench trial,
23    we need to know three or four weeks in advance -- two or
24    three weeks in advance --
25              MS. JACKSON:  Okay.
```

1           THE COURT:  -- because otherwise we bring in a
2    jury for nothing.
3           MS. JACKSON:  Yes, your Honor.  Thank you.
4           THE COURT:  Anything else that we need to discuss?
5           MR. OXENREITER:  I would ask that speedy trial be
6    waived.
7           THE COURT:  Does the November date fall outside
8    speedy trial?
9           MR. OXENREITER:  I don't believe so, your Honor.
10          THE COURT:  Well, I'm not going to waive speedy
11   trial, since we've set a trial date.  If you all tell me
12   that you have a plea and the plea has to go out, then we can
13   talk about tolling the speedy trial clock.
14          MR. OXENREITER:  Okay.
15          THE COURT:  If you guys learn the November date is
16   outside the speedy trial, I'll extend it to the November
17   18th date.  But other than that, if we're going forward,
18   we're going forward.
19          If you do reach a plea agreement, what we can do
20   is just turn the November 18th date into a plea day.  Again,
21   because it's a felony, you are going to be here in person.
22   If anything comes up in the interim, do not hesitate --
23   don't spend a bunch of time briefing things.  Just reach out
24   to my chambers.  And if there's anything we can get done
25   quickly, we will.  And if I need briefing, I'll let you

1    know.
2              MR. OXENREITER:  Does your Honor issue a
3    scheduling order on these cases typically?
4              THE COURT:  Oh, yes.  You guys should come up with
5    a scheduling order.  We should probably set the pretrial.
6    Hold on.
7              Are you guys free on November 1st to have the
8    pretrial?
9              MR. OXENREITER:  Yes, your Honor.
10             MS. JACKSON:  Yes, your Honor.
11             THE COURT:  Why don't we set November 1st at 11:00
12   a.m. for the pretrial.  You guys get a schedule together
13   that accounts for that.
14             If there's not much to do at the pretrial, we can
15   maybe do that one by video.  But I will let you know.
16             Anything else?
17             MR. OXENREITER:  No, your Honor.  Not from me.
18             MS. JACKSON:  No, your Honor.  Thank you.
19             THE COURT:  Great.  Thank you, everyone.
20             (Proceedings concluded.)
21
22
23
24
25

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 12th day of November, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269